**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | CIVIL ACTION |
| v.   ) | |
| ) | No. 04-20039-005-CM |
| ) | No. 07-2478-CM |
| **MAURICE A. BLACK,**   ) | |
| ) | |
| **Defendant.**   ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Maurice A. Black's motion requesting a sentence modification (Doc. 422). Defendant asks the court to modify or reduce his sentence so that he can take care of his children, who are currently in the custody of his disabled mother.

Defendant's efforts at rehabilitation and self-improvement while in prison are commendable. The court appreciates that he now seeks to take responsibility for his children and help his mother. But district courts have "'no inherent authority to modify a previously imposed sentence.'" *United States v. Sunday*, 66 F. App'x 167, 170 (10th Cir. 2003) (citation omitted). District courts are "'authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (citation omitted). 18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35 provide authority for modification of sentences. *Sunday*, 66 F. App'x at 170.

The relevant portions of 18 U.S.C. § 3582(c) provide that a court may modify a sentence previously imposed in any case (1) upon motion from the Director of the Bureau of Prisons, if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds extraordinary or compelling

reasons warranting reduction and reduction is consistent with the policy statements of the Sentencing Commission, or (2) in any situation expressly permitted by Fed. R. Crim. P. 35 or by statute.  18 U.S.C. § 3582(c).

Fed. R. Crim. P. 35 permits a district court to reduce a previously imposed sentence only "'[u]pon the government's motion.'"  *United States v. Roberts*, 190 F. App'x 717, 719 (10th Cir. 2006) (quoting Fed. R. Crim. P. 35).  The rule states that the government may make a motion to reduce a sentence only if the defendant provides substantial assistance in investigating or prosecuting another person, the reduced sentence aligns with the Sentencing Commission's policies and guidelines, and the motion meets the specific criteria set forth in the rule.  Fed. R. Crim. P. 35.

Neither § 3582 nor Rule 35 give this court authority to hear defendant's motion to modify his sentence.  Because defendant's motion does not fall within one of the limited situations where a court may reduce a previously imposed sentence, the court must deny defendant's motion.

The court notes that 28 U.S.C. § 2255 provides statutory authority to modify a sentence, but defendant did not characterize his motion as a § 2255 motion.  *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  The court is reluctant to do so for him, although the motion was docketed as such.  *See United States v. Kelly*, 235 F.3d 1238, 1241–42 (10th Cir. 2002) (outlining potentially adverse consequences of the court treating a motion as a § 2255 motion when the defendant did not specifically characterize it as one).  In any event, the motion would be time-barred as a § 2255 motion, as he filed the motion more than one year after his conviction became final.  *See* 28 U.S.C. § 2255 (setting one-year statute of limitations on habeas petitions).

Because the court finds that defendant's motion does not entitle him to relief, the court need not consider whether to enforce the waiver in the plea agreement, as the government asks the court

to do. The court notes, however, that if defendant's motion is characterized as a § 3482(c) motion, the plea agreement waiver is not broad enough to preclude the motion. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1173–74 (10th Cir. 2003). Unlike other plea agreements in the District of Kansas, the one at issue here does not specifically reference § 3482(c) motions.

The court understands that defendant is concerned about the welfare of his children. Unfortunately for defendant, the court is not in a position to grant defendant the relief that he seeks.

**IT IS THEREFORE ORDERED** that defendant's request for a sentence modification (Doc. 422) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce Waiver (Doc. 424) is denied as moot.

Dated this 21st day of December 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**